IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>Plaintiff,<br><br>v.<br><br>JOE BIDEN, et al.,<br><br>Defendants. | No. 2:23-CV-0611-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) President Joe Biden; (2) the United States Congress; and (3) Does 1-101, inclusive. See ECF No. 1, pgs. 1, 2.

Plaintiff begins with a recitation of the Second Amendment. See id. at 3. Plaintiff then purports to explain the meaning of each of the terms in the Second Amendment. See id. According to Plaintiff, the Second Amendment was adopted "so Congress could not disarm a State Militia 'People.'" Id. at 4. Petitioner contends that "all people who own or hold an arm is [sic] a direct threat to Petitioner's safety. . . ." Id. Plaintiff argues that there is no property right to "purchase, lease, sell, inherit, or convey arms." Id. Plaintiff states that Congress must pass a law to prevent these events from occurring. See id.

## II. DISCUSSION

The Court finds that Plaintiff's claim is frivolous. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The Court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or

1  delusional.  See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).

2  Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously

3  litigated claims.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

4        While Plaintiff's factual allegations, such as those related to recent mass shootings

5  in the United States, are not fanciful, fantastic, or delusional, Plaintiff's legal theories and

6  conclusions are inarguable.  First, this Court is aware of no authority which would permit it to

7  compel Congress, which is a co-equal branch of government, to enact any law.  Second, the law

8  proposed by Plaintiff, which would ban essentially any ability to obtain a firearm, is inconsistent

9  with the language of the Second Amendment and clear Supreme Court jurisprudence confirming

10  the individual right to keep and bear arms.  Third, Plaintiff's claim crosses over the line into a

11  nonjusticiable political question best suited for the political process and not comment by this

12  Court.  Fourth, the Court is aware of no authority which would allow for the failure to act by the

13  President or Congress to somehow constitute the necessary personal conduct of the named

14  defendants to support Plaintiff's claim.  Fifth, it is not arguable that the Constitution would allow

15  the President and Congress to amend the Second Amendment or repeal it without a vote of the

16  several states for ratification.

17        These considerations do not even account for the myriad problems with attempting

18  to bring this claim against the President of the United States as the elected head of the Executive

19  Branch as well as the United States Congress which consists of numerous elected officials and

20  constitutes the co-equal Legislative Branch.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 17, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE